THE DANCO COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19519.   Promulgated March 18, 1952.

*William C. Bracken, Esq.,* for the petitioner.
*Clarence E. Price, Esq.,* for the respondent.

OPINION.

ARUNDELL, *Judge:* In the opinion reported at 14 T. C. 276, we concluded that the evidence was insufficient for a determination of an amount of normal earnings under the provisions of section 722 (a). At the second hearing, the parties filed a stipulation of facts which was devoted largely to showing the similarity of the operations of the petitioner to those of some of its competitors. Each party placed in evidence tables and statistics as to the financial results of the operations of the petitioner and of its competitors.

The petitioner has proposed three methods of reconstruction. The one that it appears to rely on is the method described in the findings of fact. In that method it is assumed that sales in the base period would have been the same as actual sales in 1942 and 1943, reduced to amounts represented by the ratio that labor and material costs in the base period bore to such costs in 1942 and 1943. According to the petitioner's figures, labor and material costs in the base period were 99.78 per cent of such costs in 1942 and 94.84 per cent of such costs in 1943. An obvious fallacy in this method is the assumption that if the petitioner had been in business in the base period years, its sales would have been 99.78 per cent of those for 1942 and 94.84 per cent of those in 1943. Assuming that the petitioner had commenced business in the base period, there is no evidence in the record

to support any finding that its sales in any years in that period would have so nearly approached the amount of sales for the years 1942 and 1943. Moreover, the evidence and the findings in our prior report show that a large portion of 1942 and 1943 sales were war-induced sales which, under the philosophy of section 722, have no place in the determination of an average constructive base period net income. A similar method, but based upon a different formula, was proposed by the petitioner on brief after the first hearing. In our opinion, we pointed out the impropriety of such method. In addition to its other infirmities, the proposed method fails to give an "average" base period figure, a matter upon which we specifically commented in the prior opinion.

The respondent has placed in evidence data as to sales and profits of two of the petitioner's competitors in the base period and also in the years 1942 and 1943. The petitioner objects to the receipt and use of such data, because it fails to show the details of administrative expenses and because of the statutory restriction against regard to post-1939 events.

The objection based on lack of detail as to administrative expenses is not sound. We pointed out in the prior opinion that the burden is on the petitioner to establish a constructive average base period net income. The net income of others in the same field of business may be a helpful factor in establishing that element of the petitioner's case. If there is any reason why net income of competitors is not a proper factor, that reason should be established by competent evidence. The mere statement of counsel that administrative expenses are out of line with those of the petitioner is not a sufficient reason to exclude the net profit figures as evidentiary facts.

The objection on the ground of statutory restriction is likewise unsound. While Code section 722 (a) contains a general restriction against regard "to events or conditions * * * occurring or existing after December 31, 1939," the same sentence of that section contains an exception thereto and directs that in section 722 (c) cases regard shall be had to the post-1939 "nature of the taxpayer and the character of its business under section 722 (c) to the extent necessary to establish the normal earnings to be used as the constructive average base period net income." The respondent has construed the exception above mentioned in section 35.722–4 of Regulations 112 which reads in part as follows:

In the case of a taxpayer commencing business after December 31, 1939, it is necessary to examine the type of business engaged in, the relationship between its profits and invested capital, its profits and sales, and the profits and invested capital and profits and sales of comparable concerns, the earning capacity of the taxpayer, the character and experience of the management, the nature of the competition encountered, and all other factors pertinent in constructing normal

earnings. \* \* \* any facts or conclusions derived with respect to the period after December 31, 1939, shall be related to the base period; \* \* \*.

The propriety of the use of post-1939 data in section 722 (c) cases is also recognized in Part VII (E) of the Bulletin on section 722, as revised by E. P. C. 35, wherein it is said:

Section 722 (a), in dealing with the post-1939 prohibition and the exceptions thereto, provides that in cases described in section 722 (c) "regard shall be had to \* \* \* the nature of the taxpayer and the character of its business \* \* \* to the extent necessary to establish the normal earnings to be used as the constructive average base period net income."

Where, as in this case, the taxpayer was not in existence in the base period, any comparison based on the operations of other concerns must of necessity be based on such operations after the base period with proper adjustments to eliminate from their operating results the effect of the war economy.

In determining the amount of a proper constructive average base period net income, we have weighed the evidence as to the factors set forth in the respondent's regulations, including the type of the petitioner's business, the relation between its profits and capital and surplus and profits and sales, and profits, sales, and invested capital of other concerns in the same business, the petitioner's potential earning capacity, the experience of its founder and manager, and the competition in the petitioner's field of business. Findings of fact have been made as to these factors either in our prior report or in this one. In our consideration of the operating results of other concerns in the petitioner's field of business in the years 1942 and 1943, we have compared the results for those years with the results in the base period years. This we think was the intent of Congress in enacting section 722, namely, to eliminate from a reconstructed figure any war-induced profits.

No reconstruction for a concern that was not in operation in the base period years can be absolute. The statute does not contemplate the determination of a figure that can be supported with mathematical exactness. All that it requires is the determination of a fair and just amount to be used as a constructive average base period net income by taxpayers who qualify for relief under the provisions of section 722. The statutory direction is that in determining such an amount regard shall be had to the nature of the taxpayer and the character of its business. This we have done in addition to considering the evidence as to numerous other factors as to which we have evidence. We conclude that $12,500 is a fair and just amount to be used as the petitioner's constructive average base period net income for the purpose of computing the excess profits tax for the taxable years.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*