OPINION. Withey, Judge: It is conceded that the petitioner’s acquisition of certain of the assets, plus the store location of Johnson, and the opening of three branch stores during the base period years, represents changes in capacity for operation within the import of section 722(b) (4) of the Internal Revenue Code.[1] It is unnecessary for us to consider the section 722 (b) (2) factor alleged by petitioner as a ground for relief because of our ultimate grounds for decision herein. Under the provisions of section 722 (a) the taxpayer must go further than merely establishing the existence of a factor which meets one of the requirements under the subsections of section 722 (b) ; it must also show a fair and just amount representing normal earnings to be used as a constructive average base period net income, section 722 (a) (see footnote 1). Danco Co., 14 T. C. 276, 282, 287; Tin Processing Corporation, 16 T. C. 713, 722; Singer Bros., Inc., 15 T. C. 683, 692. We find that petitioner’s reconstruction is based on factors that are not to be considered under the meaning of section 722 (a). The Code specifically provides: In determining such constructive average base period net income, no regard shall be had to events or conditions affecting the taxpayer, the industry of which it is a member, or taxpayers generally occurring or existing after December 31, 1939, * » * Petitioner has used as a basis for the computation of its reconstructed expenses, events which took place after December 31, 1939. In so doing, it erred. Singer Bros., Inc., supra, 695; Wisconsin Farmer Co., 14 T. C. 1021, 1033. What petitioner is endeavoring to construct here is the normal earnings after giving effect to the section 722 (b) (4) factor. Normal earnings are those earnings which would be realized from the operation of its Shreveport business, formerly two separately owned furniture businesses which had been in competition with each other. The new business was in operation in the base period only during 4 months ending December 31, 1939, which is the date to which we are limited with respect to reconstruction facts and fiscal data. Petitioner in its reconstruction has been meticulous in its computation of sales for the base period. Petitioner has kept sales records on a monthly basis up to December 31, 1939, so that it is possible to see how the new operation progressed. But the determination of normal receipts is not enough. Petitioner must establish “what would be a fair and just amount representing normal earnings * * section 722 (a) (see footnote 1). (Emphasis supplied.) In its construction of expenses for the fiscal year ended March 31, 1940, petitioner has used the total of combined expenses for its Texas .Street store for 5 months until it was closed in August 1939 and its Texas Avenue store for 10 months ending March 31,1940. This construction is contrary to the language of section 722 (a) (see footnote 1) because it includes events and conditions occurring after December 31, 1939, which are strictly prohibited by the statute in the determination of constructive average base period net income. The reconstruction of base period income must be related to the taxpayer’s actual business experience in the base period. Godfrey Food Co., 18 T. C. 1083. Petitioner lias used the total expenses of three different businesses, i. e., its Texas Street expenses, the expenses when Texas Street and Texas Avenue were both being operated by petitioner, and the expenses of Texas Avenue after the Texas Street store was closed, but petitioner has not shown the specific expenses of the new business from September to December 31, 1939. The expenses for the 10 months used by the petitioner in its reconstruction are not a lawful basis for reconstruction not only because they cover a period after December 31,1939, but because they contain items of expense that were incurred while both Shreveport stores were in operation which are not representative of the new business. We have endeavored to reconstruct a fair and just amount representing normal earnings but are prevented from doing so because nowhere in the evidence is it shown what the expenses of petitioner in the new operation were for the period prior to January 1,1940. As a result of our foregoing conclusion, it is not necessary to discuss other factors in the reconstruction. We, therefore, conclude that the petitioner has not shown it is entitled to relief under section 722. Reviewed by the Special Division. Decision will be entered for the respondent. SEC. 722. GENERAL RELIEF — CONSTRUCTIVB AVERAGE BASE PERIOD NET INCOME. (a) General Role. — In any case in which the taxpayer establishes that the tax computed under this subchapter (without the benefit of this section), results in an excessive and discriminatory tax and establishes what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income for the purposes of an excess profits tax based upon a comparison of normal earnings and earnings during an excess profits tax period, the tax shall be determined by using such constructive average base period net income in lieu of the average base period net income otherwise determined under this subchapter. In determining such constructive average base period net income, no regard shall be had to events or conditions affecting the taxpayer, the industry of which it is a member, or taxpayers generally occurring or existing after December 31, 1939, except that, in the cases described in the last sentence of section 722 (b) (4) and in section 722 (c), regard shall be had to the change in the character of the business under section 722 (b) (4) or the nature of the taxpayer and the character of its business under section 722 (c) to the extent necessary to establish the normal earnings to be used as the constructive average base period net income. (b) Taxpayers using Average Earnings Method. — The tax computed under this sub-chapter (without the benefit of this section) shall be considered to be excessive and discriminatory in the ease of a taxpayer entitled to use the excess profits credit based on income pursuant to section 713, if its average base period net income is an inadequate standard of normal earnings because— ******* (2) the business of the taxpayer was depressed in the base period because of temporary economic circumstances unusual in the case of such taxpayer or because of the fact that an industry of which such taxpayer was a member was depressed by reason of temporary economic events unusual in the case of such industry, ******* (4) the taxpayer, either during or immediately prior to the base period, commenced business or changed the character of the business and the average base period net income does not reflect the normal operation for the entire base period of the business. If the business of the taxpayer did not reach, by the end of the base period, the earning level which it would have reached if the taxpayer had commenced business or made the change in the character of the business two years before it did so, it shall be deemed to have commenced the business or made the change at such earlier time. For the purposes of this subparagraph, the term “change in the character of the business” includes a change in the operation or management of the business, a difference in the products or services furnished, a difference in the capacity for production or operation, a difference in the ratio of nonborrowed capital to total capital, and the acquisition before January 1, 1940, of all or part of the assets of a competitor, with the result that the competition of such competitor was eliminiated or diminished. Any change in the capacity for production or operation of the business consummated during any taxable year ending after December 31, 1939, as a result of a course of action to which the taxpayer was committed prior to January 1, 1940, * * * shall be deemed to be a change on December 31, 1939, in the character of the business, or