PUNCH PRESS REPAIR CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32579.   Promulgated November 19, 1953.

*B. Dave Bushaw, Esq.*, for the petitioner.
*John L. King, Esq.*, for the respondent.

226

**OPINION.**

ARUNDELL, *Judge:* Respondent concedes that because petitioner commenced business during the base period years, under *Rand Beverage Co.*, 18 T. C. 275, and section 722 (b) of the Internal Revenue Code, it is entitled to proceed with proof to establish that an excess profits credit, based on a fair and just amount representing normal earnings, to be used as a constructive average base period net income, is in excess of its excess profits tax credit computed without the benefit of section 722.

Petitioner has attempted to make a reconstruction said to be based upon the alleged experience of the Automotive Tool and Die Manufacturers Association. Our finding of fact that the business of this association and the business of petitioner were entirely different precludes consideration of such a reconstruction. Moreover, there are such extreme hiatuses between other facts used in petitioner's proposed recomputation and the facts of record that petitioner's recomputation is not acceptable.

By reason of the fact that petitioner commenced business in the base period, it is entitled, under the provisions of section 722 (b) (4) of the Code, if its business "did not reach, by the end of the base period, the earning level which it would have reached if * * * [it] had commenced business * * * two years before it did so," to show what its level of earnings would have been by December 31, 1939, had it commenced business 2 years before it did. See *Del Mar Turf Club*, 16 T. C. 749.

Petitioner's substantial growth in sales between 1937 and 1939, and particularly the consistent growing strength in its sales figures during most all the months in 1939, compel us to conclude that it had not reached a normal level of sales by the end of 1939. The growing strength of sales in 1939 overcomes any implications which might flow from the fact that 1938 sales were less than those for 1937.

In finding this December 31, 1939, level of earnings, the petitioner is not required to establish, and indeed this Court is not able to determine, more than a fair and just amount under all of the circumstances. Exact mathematical computations are not necessary. See *Danco Co.*, 17 T. C. 1493, 1498; *Radio Shack Corporation*, 19 T. C. 756; and *Crossfield Products Corporation*, 20 T. C. 97.

The record discloses that after petitioner commenced business during the base period, it expanded its capacity by the acquisition of some new machinery, and it also enlarged its plant. The record further demonstrates that petitioner had no competition in its line of endeavor in the Detroit area, and that petitioner did good work and was well thought of by companies using its services. And the devotion of the full time of petitioner's president to the management of the business in August of 1939 was followed by successive months in which sales were approximately twice what they had been in the earlier months of that year. In addition, we believe that it is reasonable to assume that had petitioner begun its business 2 years earlier, costs would have been well in hand by December 31, 1939, so that its projected level of earnings as of that date would be normal. Such factors properly may be considered in arriving at a constructive average base period net income. See *Rand Beverage Co., supra.*

The entire record, including the items above enumerated, compels us to this conclusion that had petitioner commenced business 2 years before it did, it would have reached a higher level of earnings for its year ending December 31, 1939, and to the conclusion that $11,000 is a fair and just amount representing normal earnings to be used as a constructive average base period net income. See *W. J. Voit Rubber Corporation*, 20 T. C. 84; *Fishbeck Awning Co.*, 19 T. C. 773.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*