OPINION. Withey, Judge,: It is conceded that the petitioner’s acquisition of certain of the assets, plus the store location of Johnson, and the opening of three branch stores during the base period years, represents changes in capacity for operation within the import of section 722 (b) (4) of the Internal Eevenue Code.[1] It is therefore unnecessary for us to consider the section 722 (b) (2) factor alleged by petitioner as a ground for relief as it is an alternative qualifying factor under the statute; and, since petitioner has qualified on the ground that it changed its capacity for operation, it is not necessary for it also to meet the alternative qualifying factor. Rand Beverage Co., 18 T. C. 275, 287; Fishbeck Awning Co., 19 T. C. 773, 781. The determination of what is a fair and just amount to be used as a constructive average base period net income calls for a prediction and an estimate of what earnings would have been under assumed conditions, an approximation where an absolute is not available and not expected. Victory Glass, Inc., 17 T. C. 381, 388. The problem requires the use of some imagination and practical judgment. Radio Shack Corporation, 19 T. C. 756, 762. “The statute does not contemplate the determination of a figure that can be supported with mathematical exactness.” Daneo Co., 17 T. C. 1493, 1498. The petitioner has submitted numerous computations and exhibits purporting to set forth what it believes to be its constructive average base period net income. Eespondent also has submitted several computations which result in a constructive average base period net income substantially less than that allowed petitioner under the provisions of section 713 (f). No useful purpose would be served to discuss here the various arithmetical indices or formulas used in the different reconstructions. We can not agree with all of the assumptions of the petitioner. Nor are we able to find merit in all of respondent’s contentions. However, a consideration of the contentions of the parties in connection with the evidence of record convinces us that the petitioner is entitled to a greater average base period net income than the amount of $46,525.38 allowed by the respondent. From a consideration of the various factors set out in our findings, we have concluded and found as a fact that $71,000 is a fair and just amount to be used as a constructive average base period net income. In accordance with section 711 (b) (1) (A) for the year ending March 31, 1941, the constructive average base period net income for that year is to be reduced by the amount of petitioner’s income tax for said year. Reviewed by the Special Division. Decision will be entered, under Bule 50. SEC. 722. GENERAL RELIEF — CONSTRUCTIVE AVERAGE BASE PERIOD NET INCOME. (a) General Rule. — In any case in which the taxpayer establishes that the tax computed under this subchapter (without the benefit of this section) results in an excessive and discriminatory tax and establishes what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income for the purposes of an excess profits tax based upon a comparison of normal earnings and earnings during an excess profits tax period, the tax shall be determined by using such constructive average base period net income in lieu of the average base period net income otherwise determined under this subchapter. In determining such constructive average base period net income, no regard shall be had to events or conditions affecting the taxpayer, the industry of which it Is a member, or taxpayers generally occurring or existing after December 31, 1939, except that, in the cases described in the last sentence of section 722 (b) (4) and in section 722 (c), regard shall be had to the change in the character of the business under section 722 (b) (4) or the nature of the taxpayer and the character of its business under section 722 (c) to the extent necessary to establish the normal earnings to be used as the constructive average base period net income. (b) Taxpayers Using Average Earnings Method. — The tax computed under this sub-chapter (without the benefit of this section) shall be considered to be excessive and discriminatory in the case of a taxpayer entitled to use the excess profits credit based on income pursuant to section 713, if its average base period net Income Is an inadequate standard of normal earnings because— [[Image here]] (2) the business of the taxpayer was depressed in the base period because of temporary economic circumstances unusual in the case of such taxpayer or because of the fact that an industry of which such taxpayer was a member was depressed by reason of temporary economic events unusual in the case of such industry. [[Image here]] (4) the taxpayer, either during or immediately prior to the base period, commenced business or changed the character of the business and the average base period net income does not reflect the normal operation for the entire base period of the business. If the business of the taxpayer did not reach, by the end of the base period, the earning level which it would have reached if the taxpayer had commenced business or made the change in the character of the business two years before it did so, it shall be deemed to have commenced the business or made the change at such earlier time. For the purposes of this subparagraph, the term “change in the character of the business” includes a change in the operation or management of the business, a difference in the products or services furnished, a difference in the capacity for production or operation, a difference in the ratio of nonborrowed capital to total capital, and the acquisition before January 1, 1940, of all or part of the assets of a competitor, with the result that the competition of such competitor was eliminated or diminished. Any change in ■the capacity for production or operation of the business consummated during any taxable year ending after December 81, 1939, as a result of a course of action to which the taxpayer was committed prior to January 1, 1940, * * * shall be deemed to be a change on December 31,1939, in the character of the business, or